UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Miriam Farrington,<br><br>        Plaintiff,<br>v.<br><br>NCO Financial Systems, Inc., John Doe and Peggy Weiss,<br><br>        Defendants. | Civil No.: _____<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Miriam Farrington is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant NCO Financial Systems, Inc. (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044 with a Minnesota registered agent of process of CT Corporation System, Inc., 100 South 5th Street, #1075, Minneapolis, MN 55402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Peggy Weiss (hereinafter "Defendant Weiss") is a natural person who identified herself as Peggy Weiss, was employed at all times relevant herein by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and upon information and belief is not a licensed collector in Minnesota and/or failed to have her alias registered with the Minnesota Department of Commerce.

**FACTUAL ALLEGATIONS**

8. In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that

term is defined by 15 U.S.C. § 1692a(5), namely, a personal student loan debt with Access Group, in the approximate amount of $19.000.00.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Fall 2010 Collection Call*

10. In or about fall of 2010, Defendant NCO's collector, Defendant Doe, began contacting Plaintiff by telephone in an effort to collect this debt, each of which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. During one of these occasions, Defendant Doe informed Plaintiff that, given the nature of the debt, they understood they were dealing with a legal professional.

12. Defendant Doe stated to Plaintiff that she knew that it was very important to get this debt issue settled as it could have a future impact on Plaintiff's ability to practice law and/or licensure.

13. Plaintiff felt that Defendants, through their intimation, were threatening her law license and therefore her ability to practice law.

14. All of the above-described collection communications made to Plaintiff by Defendant Doe and other collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA,

including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

### *August 8, 2011 Collection Call*

15. On or about August 8, 2011, Defendant NCO's collector, Defendant Weiss, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. Defendant Weiss indicating that she was now handling Plaintiff's file.

17. Defendant Weiss stated that Plaintiff's payment arrangement with NCO had expired.

18. Defendant Weiss explained that NCO needed to complete a review of Plaintiff's file to determine the next steps.

19. Prior to this phone call, Plaintiff received a written communication offering an 80% settlement of the debt in an approximate amount of $13,000.

20. Plaintiff explained to Defendant Weiss that she was unable to accept the settlement proposal.

21. Defendant Weiss then suggested that Plaintiff should look into obtaining additional credit as an option to pay NCO.

22. Plaintiff explained that this was not an option for her because of her low credit score.

23. Defendant Weiss then stated that she had Plaintiff's Experian score sitting in front of her.

24. Defendant Weiss stated that Plaintiff's credit appeared to be very good.

25. Bewildered, Plaintiff stated that she believed her credit score to be in the 535 range.

26. Defendant Weiss responded that Plaintiff's credit score was above 700.

27. Thereafter, Plaintiff and Defendant Weiss came to a short-term payment agreement.

28. Shortly after the phone call, Plaintiff obtained her Experian credit report on her own only to discover that Defendant Weiss had lied to her.

29. Plaintiff's score was in the range she thought, not what Defendant Weiss had told her.

30. All of the above-described collection communications made to Plaintiff by Defendant Weiss and other collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f, amongst others.

### *Summary*

31. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by

Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

32. Plaintiff has suffered damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, frustration, and upset, amongst other negative emotions

### *Respondeat Superior Liability*

33. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant NCO who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

34. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCO in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant NCO.

36. Defendant NCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

*Signature Block Follows*

Dated: September 28, 2011

Respectfully submitted
**BARRY, SLADE & WHEATON, LLC**

By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone:  (612) 379-8800
Facsimile: (612) 605-2102
cwheaton@lawpoint.com

csw/ko

**Attorney for Plaintiff**